**Rufus YOUNG, Jr., Plaintiff,**

v.

**Edwin MEESE, Attorney General, Department of Justice, Defendant.**

No. 3:88–CV–0305–T.

United States District Court, N.D. Texas, Dallas Division.

March 31, 1994.

Rufus Young, Jr., pro se.

Stafford Hutchinson, U.S. Atty.'s Office, Dallas, TX, for defendant Edwin Meese, Atty. Gen., Dept. of Justice.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

MALONEY, District Judge.

This matter came on before the Court on a bench trial. After considering all testimony, documentary evidence, and arguments of counsel, the Court is of the opinion that, pursuant to the following findings of fact and conclusions of law, judgment should be entered in Defendant's favor.

### Background

On July 30, 1987, Plaintiff Rufus Young, Jr., a black male, was terminated from his position as Assistant Health System Administrator with the Federal Bureau of Prisons. On August 11, 1987, Plaintiff filed an appeal with the Merit Systems Protection Board contending that (1) his removal was based on his race; and (2) he was subjected to harsher discipline than employees of other races. After an evidentiary hearing, the Board found that discrimination against Plaintiff had not occurred.

On February 11, 1988, Plaintiff timely filed this action, asserting a claim under 42 U.S.C. § 2000e et seq., and appealing the decision of the Merit System Protection Board. Plaintiff seeks reinstatement, reimbursement for lost wages, and other relief on his discrimination claim.

Defendant denies Plaintiff's allegations and responds that Plaintiff was removed for a legitimate, non-discriminatory reason. Specifically, Defendant contends that Plaintiff was removed because he (1) used sexually abusive language and (2) conducted himself in an unprofessional and improper manner with respect to a subordinate white female employee, Jana Anderson.

### Findings of Fact

■ 1. Plaintiff Rufus Young, Jr., is a Black American Citizen of the United States. At all times relevant to this action, Plaintiff resided in Dallas, Dallas County, Texas.

2. At the time this suit was instituted, Defendant Edwin Meese was Attorney General and head of the Department of Justice.

3. In May, 1985, Plaintiff became employed by the Federal Bureau of Prisons at the Federal Correctional Institution, Fort Worth, Texas. On February 16, 1986, Plaintiff was transferred and reassigned to the Bureau of Prisons South Central Regional Office, Dallas, Texas. Plaintiff held a variety of positions at these institutions. On June 7, 1986, Plaintiff was transferred and reassigned to the Federal Correctional Institution, Seagoville, Texas, to fill the position of Assistant Hospital Administrator.

4. On December 7, 1986, Plaintiff began supervising Jana Anderson, a newly hired probationary employee.

5. While he was Ms. Anderson's supervisor, Plaintiff admits that he engaged in the following acts concerning Ms. Anderson:

(a) On April 22, 1987, Plaintiff stated to Ms. Anderson that several employees at FCI, Seagoville, including himself, would "like to get in her pants";

(b) On April 29, 1987, Plaintiff approached Ms. Anderson from behind while she was standing in front of a supply cabinet and touched her breast. When Ms. Anderson confronted Plaintiff about the incident, Plaintiff responded, "nobody was watching";

(c) On April 30, 1987, Plaintiff made a kissing gesture toward Ms. Anderson while at work;

(d) On May 7, 1987, Plaintiff handed a note to Ms. Anderson and told her to shred it after reading it. The note contained the following message:

There is an answer to every problem, sometime it is necessary to wait awhile

to find it, but, there is another answer somewhere. Please don't ever state again that you are going to quit. *You serve a very useful purpose here. Everybody,* likes you (loves) and we want you here. Keep coming to work and think positive and every-thing will be alright. This–note comes from a very selfish person;

(e) On several occasions, Plaintiff held Ms. Anderson's hand while passing her a computer key; and

(f) On several occasions, Plaintiff told Ms. Anderson that she had pretty eyes.

6. Plaintiff frequently made sexual comments to other female employees while he was employed as Assistant Hospital Administrator.

7. After an investigation concerning Plaintiff's conduct toward Ms. Anderson, Plaintiff was terminated on July 30, 1987. Defendant's proffered reason for Plaintiff's discharge was that Plaintiff engaged in (1) sexually abusive language and conduct; and (2) unprofessional and inappropriate conduct with Jana Anderson.

8. Plaintiff appealed the Bureau of Prison's decision to the Merit Systems Protection Board on August 11, 1987. On December 10, 1987, Administrative Law Judge Sharon Fonsworth Jackson issued an initial decision affirming the Bureau of Prisons' decision. The Administrative Law Judge found that Plaintiff's conduct toward Ms. Anderson was sufficiently egregious to warrant termination, and that Plaintiff had not established discrimination on account of his race.

9. Plaintiff's conduct with respect to Jana Anderson was inappropriate and constituted good cause for Plaintiff's termination. The Court finds that Defendant's stated reasons for termination of Plaintiff's employment were not a pretext for unlawful discrimination or reprisal against him.

10. Plaintiff has failed to demonstrate by any credible evidence that Plaintiff's race was a factor in Defendant's motivation to terminate Plaintiff.

11. The Court finds that more white males were faced with termination than were blacks during the period May 1, 1985, through September, 1988, and therefore Plaintiff did not suffer from disparate treatment on account of his race.

12. The Court, having reviewed the matter *de novo,* further finds that the decision of the Merit Systems Protection Board is correct in all respects and is supported by substantial evidence.

**Conclusions of Law**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C.A. 7703.

2. When a plaintiff brings a Title VII claim, and also seeks review of a Merit System Protection Board decision, the complaint is a "mixed case," and the plaintiff is entitled to have facts concerning his allegations of discriminatory acts tried *de novo* by the district judge. 5 U.S.C. §§ 7702 & 7703(b)(2); *Morales v. Merit System Protection Board,* 932 F.2d 800, 802 (9th Cir.1991).

3. A three-part analysis is applied in a cause of action alleging racial discrimination in employment, under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e. *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The plaintiff must first prove a *prima facie* case of discrimination against his employer by a preponderance of the evidence. *Id.* The plaintiff must establish the following four elements: 1) that he belongs to a group protected by the statute; 2) that he was qualified for the job; 3) that despite his qualifications, his employment situation was adversely affected; and 4) that the employer filled his position with someone outside of that protected class. *Young v. City of Houston, Tex.,* 906 F.2d 177 (5th Cir.1990). Once the plaintiff succeeds in proving a *prima facie* case, the burden next shifts to the defendant to establish some legitimate, nondiscriminatory reason for the employee's discharge. *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). If the defendant meets this burden, the plaintiff must then prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not true

reasons, but a mere pretext for discrimination. *Id.*

 4. When a plaintiff's claims have been fully tried on the merits, the three-step analysis established in *Texas Dep't of Community Affairs v. Burdine,* is not applicable. A plaintiff can succeed on the merits of his claims only if he can prove that a defendant intentionally discriminated against him because of either race, sex, or age. *United States Postal Serv. v. Bd. of Governors v. Aikens,* 460 U.S. 711, 715, 103 S.Ct. 1478, 1481–82, 75 L.Ed.2d 403 (1983). A plaintiff can meet his burden of proof either directly, by persuading the Court that discriminatory motivations more likely motivated the defendant or, indirectly, by showing that the defendant's proffered reason for termination is unworthy of belief. *Id.* at 716, 103 S.Ct. at 1482. However, the plaintiff must do more than show that the defendant's explanation for its action is untrue. The plaintiff must establish that the proffered reasons are a pretext for discrimination. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981).

The Court, having found that Plaintiff's race was not a factor in Defendant's decision to terminate Plaintiff, concludes that Defendant did not engage in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

### Reasons for Judgment

The Court, having concluded that Defendant did not engage in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* and having found that the MSPB decision is correct, will enter judgment for Defendant accordingly. Defendant, as the prevailing party in this action, will be awarded costs of court as assessed by the Clerk of the court.

### FINAL JUDGMENT

This action came on before the Court on a bench trial, Honorable Robert B. Maloney, presiding, and the issues having been duly considered and a decision having been rendered,

It is **ORDERED** and **ADJUDGED** that on Plaintiff's claims against Defendant, Plaintiff shall take nothing, and these claims are dismissed with prejudice.

It is **FURTHER ORDERED** that Defendant is entitled to costs of court as assessed by the Clerk of the court.

It is **FURTHER ORDERED** and **ADJUDGED** that all relief not specifically granted herein is denied.