Anthony R. HARP, Petitioner,

v.

DEPARTMENT OF the ARMY, Respondent.

Appeal No. 85–2791.

United States Court of Appeals, Federal Circuit.

May 20, 1986.

Vincent A. Fuller, Jr., Alexandria, Va., argued for petitioner.

Howard Lipper, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for respondent. With him on brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and M. Susan Burnett, Asst. Director; Sidney B. Brody, Chief, Administrative Law and Stuart Miller, U.S. Army, of Fort Gordon, Ga., of counsel.

Before BALDWIN, NIES and ARCHER, Circuit Judges.

NIES, Circuit Judge.

Anthony R. Harp petitions from the final decision of the Merit Systems Protection Board (board) in Case No. AT075282101136, 28 M.S.P.R. 590, which sustained his removal from the position of Medical Technologist at the Dwight David Eisenhower Medical Center, Fort Gordon, Georgia. Mr. Harp was removed based on a charge of submitting a false statement for the purpose of obtaining a greater award of back pay than that to which he was entitled. We affirm.

## Background

An award of back pay must be reduced by "any amounts earned by the employee through other employment" during the relevant period. 5 U.S.C. § 5596(b)(1)(A)(i) (1982). Pursuant to that section and the regulation promulgated thereunder, a September 30, 1981, letter informing Mr. Harp of his reinstatement following a previous removal action requested that he "provide evidence of *any* employment during the period 30 April 1977 to the current date." (Emphasis added.) In November, 1981, Mr. Harp met with a Personnel Assistant who advised him again that any wages earned during the relevant period would be deducted from his back pay award. Thereafter, on December 9, 1981, Mr. Harp executed a notarized statement which included the following:

I, Mr. Anthony R. Harp, do hereby solemnly swear that I earned no wages from 30 April 1977 through 31 October 1981 [the relevant period].

That statement was made notwithstanding the fact that he had, through other employment, earned $28,774.28 during the same period. As a result of the information he provided, Mr. Harp received a check for more than $78,000.00 in back pay. The basic facts were not disputed. Based on these facts, the board affirmed his subsequent removal, which was based on the charge that he provided a false statement resulting in his receiving more back pay than he was entitled to.

On appeal, Mr. Harp asks for a remand, on the ground that the tape of the hearing before the presiding official was lost so that no transcript could be made. According to Mr. Harp, the absence of a transcript deprives this court of a basis for reviewing the decision, and violates 5 U.S.C. § 7701(a)(1) (1982) (providing for a hearing "for which a transcript will be kept"); and 5 C.F.R. § 1201.53(a) (1985). He also asserts other errors which purportedly require reversal or remand.

*Decision*

■ In *Handy v. U.S. Postal Service*, 754 F.2d 335 (Fed.Cir.1985), this court held that the denial of a procedural right at the agency level, even one that was statutory, was to be reviewed under the harmful error standard. *Id.* at 338. We are not persuaded that we should apply a different standard when reviewing the violation of a statutory procedural right alleged to have been committed by the board. *See* 28 U.S.C. § 2111 (1982). Accordingly, we reject petitioner's arguments that the harmful error standard does not apply to a procedural requirement imposed on the board by statute.

■ We also reject petitioner's argument for a rule that the unavailability of a transcript is harmful *per se*. As this case illustrates, such loss is not fatal to review.[1] Although Mr. Harp alleges generally that he is prejudiced by the absence of the transcript, he has failed to even allege that *any* particular testimony which would be revealed if there were a transcript was not considered or was misused by the presiding official and, therefore, might have caused a different result in the case.

Although a transcript of the hearing is not available, the record in this case is sufficient to provide a basis for meaningful review of the *issues raised* by petitioner. These issues are not directed to error in the factual findings made by the presiding official except with respect to petitioner's testimony that he did not understand that the regulations required him to report his earnings. The presiding official stated that he "failed to see how appellant could have misunderstood the paragraph [of the regulations] in question."

1. *Cf.* Fed.R.App.P. 10 which deals with creating a substitute for the appellate court when a transcript is lost.

2. That regulation provides, in pertinent part:
§ 1201.43 Sanctions.
   The presiding official may impose sanctions upon the parties as necessary to serve the ends of justice, including but not limited to the instances set forth in paragraphs (a), (b), and (c) of this section.

The record here is not devoid of evidence. There are exhibits in the form of correspondence between the parties including the letter setting out the paragraph of the regulations in question. Moreover, the presiding official's findings identify specific testimony adduced at the hearing on which he relied.

■ We agree with the presiding official that the obligation to report earnings was clearly stated. Moreover, petitioner's argument, without any *testimony* that he was confused, raises no genuine issue on this point, and, thus, provides no basis for overturning the presiding official's finding.

■ Mr. Harp also argues that the presiding official erred in excluding certain evidence which he proffered. The pre-trial record is complete and reveals that Mr. Harp repeatedly refused to respond appropriately to the agency's interrogatories. The agency then sought, and obtained, an order from the presiding official that Mr. Harp answer eleven interrogatories by a specified date. Mr. Harp still failed to respond appropriately. The agency then moved for sanctions based upon the failure to comply with the order. The sanction which resulted—exclusion of evidence—is expressly permitted in these circumstances under 5 C.F.R. § 1201.43(a) (1986).[2] The presiding official was, therefore, acting within his authority when he ordered that Mr. Harp would not be allowed to introduce evidence concerning the information sought in the agency's interrogatories. Mr. Harp has not shown that the presiding official abused his discretion by imposing that sanction.

(a) *Failure to comply with an order.* When a party fails to comply with an order, including an order for taking a deposition, the production of evidence within the party's control; a request for admission, and/or production of witnesses, the presiding official may:

\*    \*    \*    \*    \*    \*

(2) Prohibit the party failing to comply with such order from introducing evidence concerning, or otherwise relying upon testimony relating to the information sought . . . .

Mr. Harp's argument on mitigation of the penalty was adequately discussed in the presiding official's opinion with which we agree.

No error has been shown which, under our standard of review, would enable us to disturb the board's decision. 5 U.S.C. § 7703(c) (1982); *Hayes v. Department of the Navy,* 727 F.2d 1535, 1537 (Fed.Cir. 1984).

AFFIRMED.