871 F.2d 1096
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John Dal SANTO, Petitioner,
v.
DEPARTMENT OF DEFENSE, Respondent.
 No. 88-3248.
 United States Court of Appeals, Federal Circuit.
 March 2, 1989.
 
 Before ARCHER, MAYER and MICHEL, Circuit Judges.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 John Dal Santo petitions for review of the final decision of the Merit Systems Protection Board (board), Docket No. DC07528610449-1 (April 15, 1988), sustaining his demotion by the United States Department of Defense Dependent Schools, Germany Region (agency), from Principal of the Osterholz American High School, GS-13, to an Education Specialist, GS-11. We affirm.
 
 OPINION
 
 2
 The charges against Dal Santo by the agency are adequately set forth in the Administrative Judge's (AJ's) second initial decision (June 4, 1987). Dal Santo presents the following issues for our review:
 
 
 3
 (1) Whether the board erred in failing to order a de novo hearing because all of the tapes of his hearing before the AJ were inaudible;
 
 
 4
 (2) Whether the board erred in not reversing the AJ's decision because the AJ, in Dal Santo's view, made inconsistent credibility findings; and
 
 
 5
 (3) Whether the board erred in sustaining Dal Santo's demotion without giving due consideration to the appropriateness of the penalty.
 
 
 6
 This court must "set aside any agency action, findings, or conclusions found to be--(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. Sec. 7703(c) (1982); Hayes v. Department of Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 7
 The board did not act arbitrarily, capriciously, or otherwise not in accordance with law, nor did it abuse its discretion, when it did not order a de novo hearing even though all of the hearing tapes were inaudible and a transcript was not available to Dal Santo. In order to merit a de novo hearing, an appellant must do more than allege generally that his case was prejudiced by the lack of a hearing transcript. See Harp v. Department of the Army, 791 F.2d 161, 163 (Fed.Cir.1986). However, Dal Santo makes no specific allegations as to the difficulties posed because there was no transcript. Moreover, once Dal Santo learned of the problem with the tapes, he did not pursue transcript reconstruction, a relatively simple task given that the hearing before the AJ lasted only one day.
 
 
 8
 The board also did not abuse its discretion by not requiring the AJ to clarify her credibility findings. Even though the AJ found all of the witnesses credible, when there was an inconsistency in their testimony, she necessarily had to choose one witness' account over another's. Her choices between inconsistent witness reports are supported by substantial evidence.
 
 
 9
 Finally, we conclude that the board's decision to sustain the agency's action to demote Dal Santo was not an abuse of discretion. After failing to sustain one of the agency's charges against Dal Santo, the AJ carefully analyzed the reasonableness of the agency's penalty in view of pertinent Douglas v. Veterans Administration, 5 M.S.P.R. 280 (1981), factors. The AJ looked at the penalty of demotion in light of the remaining charges and determined that demotion was appropriate because of the nature of the remaining offenses, the nature of Dal Santo's position, the potential for rehabilitation, and Dal Santo's reprimand for similar problems with the Student Activity Fund at his previous high school.