# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL W. BURGESS,
                    Appellant,

                    v.

OFFICE OF PERSONNEL
    MANAGEMENT,
                    Agency.

DOCKET NUMBER
AT-0831-16-0098-I-1

DATE: June 22, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Michael W. Burgess</u>, Americus, Georgia, pro se.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) to reduce his retirement annuity by eliminating credit for his post-1956 military service once he became eligible for Social Security benefits. Generally,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to find that, although an appellant may establish administrative error by relying on indirect or incomplete information as provided by the Social Security Administration (SSA), the appellant failed to prove such an error occurred in his case. Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision.

## BACKGROUND

¶2      On January 2, 2015, the appellant was separated from the U.S. Air Force Reserve Command after signing an application for immediate retirement. Initial Appeal File (IAF), Tab 4 at 22, 24, 44-45. In April 2015, after the appellant reached 62 years of age, OPM contacted SSA to determine whether he was entitled to Social Security benefits. *Id.* at 10, 22. After learning that he was entitled to such benefits, and because he did not pay a deposit for his military service prior to his retirement, OPM recomputed the appellant's annuity to eliminate credit for his post-1956 military service. *Id.* at 6.

¶3      The appellant appealed OPM's decision to the Board. IAF, Tab 1. The administrative judge held a telephonic hearing, the recording of which was lost.

IAF, Tab 11, Initial Decision (ID) at 2 n.*. Because the recording was lost, the administrative judge scheduled a second telephonic hearing, but the appellant did not participate. *Id.* Because the appellant failed to show good cause for that failure, the administrative judge informed the parties that he would decide the case on the basis of the written submissions and his notes from the first hearing. *Id.* The administrative judge affirmed OPM's reconsideration decision. ID at 1-2, 6. The appellant has filed a petition for review, to which OPM has responded in opposition. Petition for Review (PFR) File, Tabs 1, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4      Pursuant to statute, the appellant was entitled to receive credit for his active duty military service performed after 1956 under both the Civil Service Retirement System and the Social Security system only if he deposited an amount equal to 7% of his total post-1956 military pay with the Civil Service Retirement and Disability Fund. *See* 5 U.S.C. §§ 8332(j), 8334(j); *McDevitt v. Office of Personnel Management*, 118 M.S.P.R. 204, ¶ 6 (2012). Pursuant to statute and regulation, the appellant was required to complete this deposit prior to separating from his employing agency. *See* 5 U.S.C. § 8334(j)(1)(A); *Thomas v. Office of Personnel Management*, 107 M.S.P.R. 334, ¶ 14 (2007); 5 C.F.R. § 831.2104(a). If he failed to make such a deposit, OPM was required to recalculate his annuity payments when he first became eligible for Social Security benefits, to exclude credit for his post-1956 service. *McDevitt*, 118 M.S.P.R. 204, ¶ 6.

¶5      OPM's regulations permit a postseparation deposit when an annuitant's failure to make the deposit prior to retirement was due to administrative error. *Id.*; 5 C.F.R. §§ 831.2104(a), 831.2107(a)(1). The Board may find administrative error and waive the deposit deadline in the following circumstances: (1) the employee can show that he relied on misinformation in electing not to make the deposit; (2) an application package contains obvious errors or internal inconsistencies that OPM or the employing agency is obligated to investigate and

resolve before processing the application; or (3) an employee elected to make the deposit and the paperwork is in order, but neither the employing agency nor OPM followed through to ensure the deposit was made. *McDevitt*, 118 M.S.P.R. 204, ¶ 7. The appellant has the burden of proving by a preponderance of the evidence that an administrative error took place. *Lancaster v. Office of Personnel Management*, 112 M.S.P.R. 76, ¶ 8 (2009).

¶6 Here, the appellant alleges he did not make a deposit for his military service because he relied on a confusing and incomplete SSA estimated statement of benefits that misled him into believing that he did not have sufficient credits to qualify for Social Security benefits. IAF, Tab 1 at 3, 7-9. The administrative judge did not make a finding on whether the appellant proved the allegation because he found that an error of that type could not constitute an administrative error. ID at 4-5. We disagree.

¶7 The U.S. Court of Appeals for the Federal Circuit has held that, if an employee asks for information regarding the amount of the military deposit or the consequences of failing to make the deposit, the Government commits administrative error "if its response either misrepresents the dollar amounts in question or is so indirect, inaccurate, or incomplete as to confuse or mislead the employee as to the amount of the deposit or the effect of any failure to make the deposit on the annuity recalculation." *McCrary v. Office of Personnel Management*, 459 F.3d 1344, 1349 (Fed. Cir. 2006). The court cited approvingly the Board's decision in *Fleak v. Office of Personnel Management*, 57 M.S.P.R. 338, 340 (1993). *Id*. at 1348. In *Fleak*, the Board found administrative error after the appellant established he did not make a deposit for his military service because he relied on an SSA estimated statement of benefits that erroneously informed him that he did not have sufficient credits to qualify for Social Security benefits. *Fleak*, 57 M.S.P.R. at 340. Accordingly, we find that an appellant may establish administrative error by showing he did not make the required deposit because an SSA statement was sufficiently indirect or incomplete as to confuse

him concerning the amount of credits he had earned.  *See McCrary*, 459 F.3d at 1348-49; *Fleak*, 57 M.S.P.R. at 340.

¶8      However, we also find that the appellant failed to prove that the statement in question was sufficiently indirect or incomplete as to reasonably confuse him and cause him to elect not to make a deposit for his military service.  The appellant has not submitted a copy of the allegedly confusing SSA statement into the record.  For purposes of this decision, we have accepted his representation of the content of the SSA statement.  He claims that the "Social Security Statement" confused him because in one section it declared, "'You have earned enough credits' for retirement benefits," but another section contained the words, "If you have enough work credits."  PFR File, Tab 1 at 2.  The appellant asserts that these two conflicting statements led him to believe that the SSA statement was a courtesy notice sent to inform him about the benefits he would qualify for if he attained the necessary 40 credits.  *Id.* at 2-3.  He alleges that he assumed that once he obtained 40 credits, SSA would send him a statement that explicitly notified him that he had obtained 40 credits.  *Id.* at 3.  We find that the appellant has not demonstrated that his assumption that he had not earned enough credits was reasonably based on any information provided to him by the Government, particularly because the SSA statement stated he had "earned enough credits." *Id.*; *cf. Thomas*, 107 M.S.P.R. 334, ¶¶ 18-19 (finding that the appellant's mistaken belief that led him to not make a deposit was based on his own erroneous assumptions and was not attributable to the Government).  Accordingly, we find that he has not established administrative error in this case.

¶9      Further, we take official notice that SSA provides a sample of a "Social Security Statement" on its publicly available website that contains the same statements and information that the appellant references.[2]  5 C.F.R. § 1201.64.  In

---

[2]  A more recent sample SSA statement is also available.  Social Security Administration, https://www.ssa.gov/myaccount/materials/pdfs/SSA-7005-SM-SI%20Wanda%20Worker%20Young.pdf (last visited June 22, 2022).

the sample, the declaration "You have earned enough credits," is provided under a section entitled "Your Estimated Benefits." The words, "If you have enough work credits," are provided under a separate section entitled "How Your Benefits Are Estimated." It is clear to any reasonable reader that the former section was specific to the addressee, while the latter section provides information on how SSA calculates benefits estimates more generally. We find that these statements are not indirect or incomplete as to reasonably confuse, much less mislead, someone into believing that they did not have sufficient credits to qualify for Social Security benefits.

¶10     Although the recording of the first telephonic hearing was lost, we find that a remand is unnecessary because the appellant has not alleged that the initial decision failed to accurately summarize all the arguments and evidence he presented. PFR File, Tab 1; *see Harp v. Department of the Army*, 791 F.2d 161, 163 (Fed. Cir. 1986) (rejecting a claim that the unavailability of a hearing transcript constituted harmful error per se; the court noted that "such loss is not fatal" to the court's ability to review a Board appeal, depending upon whether the appellant can establish that he was prejudiced by the loss of the hearing transcript, whether the appellant can show that the administrative judge failed to consider or misused any particular testimony from the hearing, and whether other evidence existed in the record that would support the administrative judge's findings); *Smith v. Office of Personnel Management*, 100 M.S.P.R. 500, ¶ 6 (2005) (finding that remand is generally unnecessary if the existing record is sufficient for meaningful review and the appellant has not alleged that any particular testimony was misconstrued by the administrative judge). Nor did the appellant otherwise allege that he was prejudiced by the loss of the recording. PFR File, Tab 1; *see Jezouit v. Office of Personnel Management*, 97 M.S.P.R. 48, ¶ 12 (2004) (finding that, to obtain reversal of an initial decision on the ground that the administrative judge abused his discretion in excluding evidence, the

petitioning party must show on review that relevant evidence, which could have affected the outcome, was disallowed), *aff'd*, 121 F. App'x 865 (Fed. Cir. 2005).

¶11    For the reasons set forth above, we deny the appellant's petition for review and affirm the initial decision, as modified by this Final Order, still affirming OPM's reconsideration decision.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. [5 U.S.C. § 7703](b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  [5 U.S.C. § 7703](b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , [137 S. Ct. 1975](2017).  If you have a

representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.