NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**STEPHANIE RUSSELL,**
*Petitioner*

**v.**

**DEPARTMENT OF THE AIR FORCE,**
*Respondent*

_____

2025-1158

_____

Petition for review of the Merit Systems Protection Board in No. AT-1221-22-0436-W-1.

_____

Decided: September 15, 2025

_____

STEPHANIE RUSSELL, Crestview, FL, pro se.

SEAN KELLY GRIFFIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, YAAKOV ROTH.

_____

Before DYK, HUGHES, and STARK, *Circuit Judges*.

PER CURIAM.

Stephanie Russell appeals the Merit Systems Protection Board's final order, which denied Ms. Russell's request for corrective action in her individual right of action appeal. Because the Board's decision was in accordance with the law and supported by substantial evidence, we affirm.

I

Ms. Russell was a Logistics Management Specialist at Eglin Air Force Base in Florida. S.A. 11.[1] Ms. Russell's primary duties were to serve as a Contracting Officer's Representative (COR) and to oversee the contractors supporting the F-35 Joint Strike Fighter program. S.A. 11. Her direct supervisor, Janice McGovern, was located at the headquarters of the Air Force Life Cycle Management Center in Virginia. S.A. 11.

Ms. Russell alleged that she engaged in protected whistleblowing on two separate occasions in 2017. S.A. 11. Both alleged disclosures were made to Ms. McGovern, the first in person and the second via email. S.A. 11, 13–14. First, Ms. Russell contended that she disclosed that Mr. Robinson, a reservist, falsely held himself out as a COR and gave a contractor unauthorized access to a National Geospatial-Intelligence Agency (NGA) system. S.A. 11. Second, she alleged that Mr. Brown, an Academic Training Center staff member, improperly represented himself to be a Quality Assurance Representative (QAR) while interacting with contractors. S.A. 11. Ms. Russell alleged that after she made these disclosures, "the agency retaliated against her for those disclosures by moving her workstation, denying leave without pay [(LWOP)] requests, changing her alternative work schedule, placing her in an [Absence without Leave (AWOL)] or LWOP status at times, and suspending her for six-days." S.A. 12. Ms. Russell was later removed

---

[1]    "S.A." refers to the supplemental appendix submitted in connection with the Respondent's informal brief.

for misconduct on June 23, 2021, and we affirmed the removal decision. *See Russell v. Dep't of the Air Force*, No. 2024-1988, 2025 WL 415458, at \*1 (Fed. Cir. Feb. 6, 2025).

In May 2018, Ms. Russell filed a complaint with the Office of Special Counsel (OSC). S.A. 12. In April 2022, OSC notified Ms. Russell that it was closing its investigation. S.A. 12. Ms. Russell then filed an individual right of action (IRA) appeal with the Board. After a hearing, the administrative judge denied Ms. Russell's request for corrective action, concluding that Ms. Russell did not show that she made protected whistleblowing disclosures. S.A. 13.

After her petition for review of the initial decision was denied, S.A. 2, Ms. Russell timely appealed. We have jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## II

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Perlick v. Dep't of Veterans Affs.*, 104 F.4th 1326, 1329 (Fed. Cir. 2024). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. Nat'l Lab. Rels. Bd.*, 305 U.S. 197, 229 (1938).

## III

### A

First, Ms. Russell contends that the Board erred in determining that she did not make protected disclosures. Petitioner's Informal Br. 7–8. To prevail in an IRA appeal, a petitioner must show by preponderant evidence that she made a disclosure that she "reasonably believed evidenced

a violation of a law, rule, or regulation." *Langer v. Dep't of Treasury*, 265 F.3d 1259, 1264 (Fed. Cir. 2001) (citation omitted). A petitioner can show reasonable belief when "a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee or applicant could reasonably conclude that the actions of the Government evidence the violation, mismanagement, waste, abuse, or danger in question." 5 C.F.R. § 1209.4(f).

The administrative judge first considered whether Ms. Russell made protected disclosures to Ms. McGovern. The administrative judge determined that it was unlikely that Ms. Russell made an oral disclosure to Ms. McGovern because Ms. McGovern testified that she did not remember any oral allegations and the administrative judge concluded that Ms. Russell's "resentment towards Ms. McGovern was evident and disproportionate, and [the administrative judge] found [Ms. Russell's] answers to be deliberately oblique at times." S.A. 16. And the administrative judge ordered relief on the fact that, in the email where Ms. Russell alleged she made those disclosures, Ms. Russell also did not reference a prior conversation or Ms. McGovern's lack of follow up on a prior conversation. S.A. 16. In considering the email, though it did not mention Mr. Robinson or Mr. Brown by name, the administrative judge found that there was enough written to determine whether Ms. Russell had a reasonable belief that she was disclosing wrongdoing. S.A. 17.

The administrative judge then concluded that Ms. Russell did not establish reasonable belief with respect to her disclosures. As to her first allegation, the administrative judge noted that Ms. Russell did not provide any supporting documentation for her belief that Mr. Robinson inappropriately held himself out as a COR or granted unauthorized access to NGA systems. S.A. 19. The administrative judge credited testimony by Mr. Brown that he and Mr. Robinson were authorized to represent their team as subject matter experts and QARs, and that they had a

delegation letter explaining as much. S.A. 18–19. The administrative judge also credited testimony that the NGA system is unclassified, and that there is no requirement that a COR needs to grant access to the system—any government point of contact or military or civilian "site holder[]" could grant access. S.A. 19. As to Ms. Russell's second allegation, the administrative judge concluded that it was "vague and largely conclusory with regard to how the QAR title was misused to improperly influence a contractor," as "it is undisputed that [Mr.] Brown is a QAR for the [Academic Training Center] director." S.A. 19–20.

Ms. Russell's arguments here essentially amount to disagreements with the administrative judge's credibility determinations, which are "virtually unreviewable" on appeal. *Hambsch v. Dep't of Treasury*, 796 F.2d 430, 436 (Fed. Cir. 1986). She primarily argues that the testimony of Ms. McGovern and Mr. Brown was not reliable and that the administrative judge erred when weighing it. But Ms. Russell has not met the high burden required to disturb an administrative judge's credibility determinations. *See Hanratty v. Dep't of Transp.*, 819 F.2d 286, 288 (Fed. Cir. 1987) (stating that the petitioner needs to establish that the testimony was "inherently improbable or discredited by undisputed evidence or physical fact" to undermine a credibility determination (quoting *Hagmeyer v. Dep't of Treasury*, 757 F.2d 1281, 1284 (Fed Cir.1985)). Further, we are not permitted to reweigh evidence in the way Ms. Russell asks us to. *See Bieber v. Dep't of Army*, 287 F.3d 1358, 1364 (Fed. Cir. 2002) ("Bieber basically requests us to re-weigh conflicting evidence; this is not our function."). We conclude that substantial evidence supports the Board's determination that Ms. Russell failed to establish that she made protected disclosures.

B

Second, Ms. Russell contends that there is a gap in the hearing testimony, and that the missing testimony

"adversely effects [her] substantive rights to a fair hearing." Petitioner's Informal Br. 3. Ms. Russell argues that there is a gap between Ms. McGovern's testimony in Parts 2 and 3 of the hearing testimony recording. Petitioner's Informal Br. 2. First, we do not discern a significant gap in the hearing testimony—at the end of Part 2, Ms. McGovern testified about the need to put Ms. Russell on AWOL status due to failure to communicate, and at the beginning of Part 3, Ms. McGovern continued to testify about this same issue. Second, Ms. Russell fails to show that she was prejudiced by the missing testimony. *See Harp v. Dep't of Army*, 791 F.2d 161, 163 (Fed. Cir. 1986) ("We . . . reject petitioner's argument for a rule that the unavailability of a transcript is harmful *per se* . . . . Although Mr. Harp alleges generally that he is prejudiced by the absence of the transcript, he has failed to even allege that *any* particular testimony . . . was not considered or was misused by the presiding official and, therefore, might have caused a different result in the case."). Ms. Russell does not specify what the missing information is, beyond stating that "there are probably more example[s] of [Ms. McGovern's] elusive behavior." Petitioner's Informal Br. 9. We conclude that this is not a sufficient basis to overturn the Board's findings.

## IV

We have considered Ms. Russell's remaining arguments and find them unpersuasive. For the reasons above, we affirm the Board's decision.

**AFFIRMED**

## COSTS

No costs.