MOORE, Circuit Judge.
Timothy J. Tierney appeals from the final decision by the Merit Systems Protection Board (Board) denying his request for corrective action with respect to days for which Mr. Tierney alleged that he was improperly charged annual leave or leave without pay while performing reserve military duties. Because the Board’s decision is not supported by substantial evidence, we reverse and remand.
Background
Under 5 U.S.C. § 6323(a)(1), federal employees who are members of the National Guard are entitled to take up to fifteen days of annual military leave “without loss in pay, time, or performance or efficiency rating.” Until § 6323 was amended in 2000, the Office of Personnel Management (OPM) interpreted this section as providing fifteen calendar days of leave each year, rather than fifteen workdays. Butterbaugh v. Dep’t of Justice, 336 F.3d 1332, 1333-34 (Fed.Cir.2003). As a result, federal employees who attended reserve training on days when they were not required to work would nonetheless be charged military leave. In Butterbaugh, we held that even before 2000, federal agencies were not entitled to charge employees military leave on non-workdays (e.g., weekends). Id. at 1343.
Between 1974 and 2001, Mr. Tierney worked at the Drug Enforcement Agency (the Agency). During this time, he was also a member of the U.S. Air National Guard Reserve. Mr. Tierney filed a Butterbaugh claim with the Board, arguing that the Agency charged him military leave for performance of his military reserve duty on forty-four non-workdays, in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). According to Mr. Tierney, this policy caused him to exhaust his allotted military leave and thereafter required him to take annual leave or leave without pay to perform his military duty.
In an Initial Decision, an Administrative Judge (AJ) held that Mr. Tierney was improperly charged military leave on seventeen of the forty-four disputed non-workdays and, as a result, was forced to take annual leave or leave without pay on those dates. The AJ relied in part on Mr. Tierney’s testimony that he knew he was charged military leave on the dates in question because, at the time, it was the Agency’s policy to charge military leave for non-workdays falling within a period in which an employee performed reserve duty (so-called “intervening non-workdays”). The AJ noted the fact that Mr. Tierney was a supervisor and thus signed off on leave requests for which military leave was charged for intervening non-workdays. The AJ expressly found credible Mr. Tierney’s testimony that he ex *1376 hausted his military leave nearly every year. The AJ also found credible Mr. Tierney’s testimony that he usually took annual leave to perform any remaining reserve duties and recalled taking leave without pay one or two times. Despite the fact that Mr. Tierney did not have any independent recollection regarding the specific dates in question, the AJ found Mr. Tierney’s testimony to be credible based on the direct manner in which he testified and his certainty that he was charged military leave on intervening non-workdays.
The AJ also relied on testimony by Michelle Richards, an employee at the law firm representing Mr. Tierney. Ms. Richards testified that she approved the Military Leave Summary introduced as evidence in the case. The Summary reflects periods of active military duty, dates of improperly charged leave, and dates on which annual leave or another form of leave was used for military duty as a result of having been improperly charged military leave. The AJ noted that Ms. Richards did not base her testimony on any “time and attendance” records or “civilian earnings statements,” but rather “assumed” that the Agency followed OPM’s policy requiring that military leave be charged on non-workdays. Tierney v. Dep’t of Justice, No. DA-3443-06-0659-I-2 (Nov. 18, 2010) (Initial Decision).
In response, Ruth Johnston, an Agency representative, testified regarding Mr. Tierney’s civilian pay records. She stated that she determined the pay periods into which the disputed dates fell and compared those dates with Mr. Tierney’s pay records to determine when he was charged military leave, annual leave, or leave without pay. Ms. Johnston found that Mr. Tierney was not charged annual leave or leave without pay on sixteen of the forty-four disputed dates.
The AJ accepted Ms. Johnston’s testimony and agreed that Mr. Tierney should not be compensated for those sixteen days. The AJ found, however, that the pay records showed that Mr. Tierney was forced to take annual leave on seventeen of the remaining claimed days. The AJ concluded that Mr. Tierney was entitled to have the Agency correct his time and attendance records to reflect a proper accounting of his military leave. The AJ thus ordered the Agency to compensate Mr. Tierney for the seventeen days on which he was forced to take annual leave in lieu of military leave.
The full Board reversed the AJ’s Initial Decision. The Board found that the Military Leave Summary and Mr. Tierney’s testimony were based solely on his military records and on the speculation that the Agency improperly charged military leave on intervening non-workdays. The Board also noted that Mr. Tierney admitted that he had no independent recollection of the dates at issue. The Board explained that Mr. Tierney’s civilian pay records showed only that he was charged annual leave during certain pay periods, and thus were insufficient to prove that the Agency charged him military leave on non-workdays or that the annual leave was used on days that he performed reserve duties. The Board also relied on Ms. Johnston’s testimony that the pay records show that Mr. Tierney did not use annual leave instead of military leave on sixteen of the days at issue. Mr. Tierney appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).
Discussion
We must set aside any findings or conclusions of the Board that we determine to be “(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures *1377 required by law, rule, or regulation having' been followed; or (3) unsupported by substantial evidence.” 5 U.S.C. § 7703(c).
 “To obtain compensation for a Butterbdugh claim, the petitioner must show that he performed reserve duty on non-workdays, that the agency charged him military leave on those days, and that he exhausted his military leave and was charged other leave to fulfill his reserve obligation.” Duncan v. Dep’t of the Air Force, 674 F.3d 1359, 1363 (Fed.Cir.2012). The petitioner bears the burden of proof by a preponderance of evidence. Id.
Mr. Tierney argues that he introduced preponderant evidence to support his claim. He relies in part on his civilian pay records, which show that he was paid for annual leave during certain pay periods in which he claimed he was forced to use annual leave to perform his reserve duty. Mr. Tierney seems to concede that the records show he was not charged annual leave on some of the dates he contested, but argues that the same records corroborate his claim that he was forced to use annual leave to perform his reserve duty on the other dates at issue. Mr. Tierney also, points to his own testimony before the AJ that the Agency’s policy was to charge employees military leave on non-workdays. He argues that, as a supervisor at the Agency, he was responsible for charging military leave and thus was familiar with the Agency’s policy at the time.
The government counters that Mr. Tierney failed to prove that the Agency charged him military leave on non-workdays. According to the government, Mr. Tierney’s civilian pay records show what he was paid, but not whether he was charged military leave on non-workdays because civilian pay records do not show which day in the two-week pay period Mr. Tierney was charged leave. The government argues that Mr. Tierney only alleged that he was incorrectly charged military leave for one non-workday that did not fall on a weekend, and points out that the Agency showed Mr. Tierney was charged holiday leave rather than military leave for that day. The government also argues that Mr. Tierney’s civilian pay records do not support his claim, but rather show that it was based on incorrect assumptions. Specifically, the government argues- that Mr. Tierney’s civilian pay records show that he was not charged leave for sixteen of the dáys for which he claimed he was forced to use annual leave and that the records are otherwise at best inconclusive. The government contends that this evidence shows that Mr. Tierney was mistaken in his assumption that the Agency always followed a policy of charging military leave for intervening non-workdays.
The government argues that Mr. Tierney’s status as a supervisor does not change the outcome. According to the government, had Mr. Tierney been correct in his testimony about the Agency’s policy for charging leave, the Agency would not have been able to disprove his assertions regarding sixteen of the days at issue.
The government contends that Mr. Tierney’s case is nearly identical to Duncan, a recent case in which we affirmed a Board decision rejecting a petitioner’s Butterbaugh claim. The government’s arguments, however, ignore critical differences between Mr. Tierney’s case and the facts of Duncan. In Duncan, we concluded that the Board did not err because the only pieces of probative evidence were the petitioner’s reserve service records and his own recollection of being charged annual leave to perform his reserve duties on the dates in question. 674 F.3d at 1361-62. We noted that the petitioner failed to introduce contemporaneous documents such as pay records, or the testimony of a supervisor concerning the agency’s policy re *1378 garding charging leave. Id. at 1364. We explained that, because the petitioner was not a supervisor, he may not have been “in the best place to know of the procedures adopted and followed by his employer.” Id.
The Board’s decision in the present appeal pre-dates our Duncan opinion, and the Board thus lacked the guidance we provided in that case. The Board performed virtually no analysis of the elements required to prove a Butterbaugh claim and did not address the evidence we highlighted as important in Duncan. In a one-and-a-half page opinion, the Board overturned the AJ’s decision based entirely on the conclusion that Mr. Tierney’s civilian pay records were insufficient to prove his claim. The Board’s opinion did not discuss the state of the factual record, including key credibility determinations by the AJ.
As an initial matter, the Board did not acknowledge that OPM had a stated policy of charging military leave for intervening non-workdays. Butterbaugh, 336 F.3d at 1333. As the dissent in Butterbaugh describes in detail, the government has consistently interpreted the military leave statute in this way as far back as 1917. Id. at 1344-51 (Bryson, J., dissenting).
And unlike Duncan, here Mr. Tierney testified that he was a supervisor who followed that policy and charged leave .for non-workdays. Mr. Tierney specifically recalled signing off on other employees’ leave requests in which military leave was charged for intervening non-workdays. Unlike the petitioner in Duncan, Mr. Tierney thus was “in the best place to know of the procedures adopted and followed by his employer.” 674 F.3d at 1364.
The Board also failed to articulate any basis for overturning the AJ’s express credibility determinations. The AJ found that Mr. Tierney “gave credible testimony that, during the time in question, he was charged military leave for intervening non-workdays and that this caused him to prematurely exhaust his military leave and be forced to use annual leave and leave without pay to perform military obligations.” Initial Decision at 6. The AJ also relied on Mr. Tierney’s testimony that he exhausted his military leave almost every year and remembered taking annual leave and leave without pay to fulfill any remaining reserve duties. The AJ explained that Mr. Tierney was credible because he “testified in a direct manner and was sure that he was charged military leave on intervening non-workdays.” Id. The Board is generally free to substitute its judgment for that of the AJ, but it is not “free to overturn an administrative judge’s demeanor based credibility findings merely because it disagrees with those findings.” Leatherbury v. Dep’t of Army, 524 F.3d 1293, 1304 (Fed.Cir.2008).
In addition, in this case Mr. Tierney introduced his civilian pay records. Again in Duncan, we noted that civilian pay records were exactly the sort of evidence necessary to substantiate a Butterbaugh claim. 674 F.3d at 1362-63. Mr. Tierney’s records do not identify precisely the dates on which he was charged annual leave or leave without pay. They do show, however, that for seventeen of the days on which Mr. Tierney claims he used annual leave to perform reserve duties, he was charged annual leave during the corresponding pay period.
The government makes much of the fact that it was able to establish through Mr. Tierney’s civilian pay records that, for sixteen of the disputed days, Mr.. Tierney was not charged any annual leave during the relevant pay period. Although the government is correct that this evidence shows that the Agency did not always follow its *1379 leave policy correctly, it does not establish that the Agency never did.
The government concedes that Mr. Tierney was a supervisor who testified as to his knowledge that the Agency followed OPM’s policy of charging military leave on intervening non-workdays. The AJ expressly credited Mr. Tierney’s testimony that he remembered being charged military leave on non-workdays and using annual leave or leave without pay to perform reserve duties after exhausting his military leave. Mr. Tierney also introduced civilian pay records that show that for seventeen of the claimed days, he was in fact charged annual leave during the relevant pay period. This evidence is sufficient. The Board lacked substantial evidence to reach a contrary conclusion.
Conclusion
We have considered the government’s arguments on appeal and find them to be without merit. Because the Board arbitrarily overruled the AJ’s credibility determinations and ignored several pieces of relevant evidence that support Mr. Tierney’s claim, we reverse its decision denying Mr. Tierney’s request for corrective action. We remand for the Agency to correct Mr. Tierney’s time and attendance records and to compensate him for the seventeen days for which the AJ found that Mr. Tierney was forced to take annual leave or leave without pay to fulfill his reserve duties.
REVERSED AND REMANDED