# United States Court of Appeals for the Federal Circuit

---

**ANTHONY W. KNOX,**
*Petitioner*

**v.**

**DEPARTMENT OF JUSTICE,**
*Respondent*

---

2023-1160

---

Petition for review of the Merit Systems Protection Board in No. SF-4324-20-0191-I-3.

---

Decided: January 6, 2025

---

KEVIN EDWARD BYRNES, Fluet, Tysons, VA, argued for petitioner. Also represented by GRACE H. WILLIAMS.

STEPHEN J. SMITH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, CHEN and STOLL, *Circuit Judges*.

CHEN, *Circuit Judge*.

Mr. Anthony W. Knox brought reemployment and discrimination claims under the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. §§ 4301–35, seeking to retroactively correct both when he received a within-grade pay increase and when he was promoted. The Merit Systems Protection Board (Board) granted his within-grade increase reemployment claim but denied his promotion claims and his within-grade increase discrimination claim. *Knox v. Dep't of Just.*, No. SF-4324-20-0191-I-3, 2022 WL 4675449, 2–3 (M.S.P.B. Sept. 21, 2022) (*Decision*).[1] Mr. Knox appeals. For the following reasons, we affirm in part, vacate in part, and remand.

I.

Mr. Knox was a Special Agent with the Drug Enforcement Administration (DEA) from 1997 until his retirement in 2020. *Decision* at 2. He was also a member of the United States Air Force Reserves. *Id.*

Between November 22, 2002, and November 21, 2003, Mr. Knox was deployed on active duty in the Air Force for Operation Iraqi Freedom. *Id.* at 2, 7–8. At the time of his deployment, Mr. Knox was a GS-12 step 2 employee. *Id.* at 7–8. While he was deployed, Mr. Knox's DEA supervisor, Ms. Lori Cassity, submitted a Within-Grade Increase Record form indicating that Mr. Knox was at an acceptable level of competence and that the effective date for his next within-grade increase would be February 23, 2003. *Id.* at 8.

---

[1] The electronic version of the decision lacks page numbers, so we cite to the pagination used in the decision at J.A. 1–26.

Mr. Knox returned to the DEA on November 24, 2003. *Id.* Though the government agrees that Mr. Knox was entitled to receive a within-grade increase to GS-12 step 3 effective as of February 23, 2003, Appellee's Br. 4, the effective date for that within-grade increase was incorrectly set as April 20, 2003. *Decision* at 8.

On March 10, 2004, Mr. Knox submitted to Ms. Cassity a promotion request memorandum noting that he would be eligible for promotion to GS-13 on April 20, 2004. *Id.* On April 1, 2004, Ms. Cassity recommended that Mr. Knox be promoted to GS-13 as of his date of eligibility, but the DEA did not process the promotion request because of instructions to hold promotion requests due to an impending change of policy. *Id.* at 8–9.

Under the then-operative policy, there were two paths to promotion to GS-13. *Id.* at 6. First, Special Agents "may be considered for promotion to GS-13 after one year in grade if recommended by the Special Agent in Charge (SAC) based on the criteria established for the various categories of Special Agent assignments." *Id.* (citation omitted). Second, Special Agents could "be considered for promotion to GS-13 after three years or more service at GS-12 based on the SAC's personal recommendation, if they meet [certain] criteria." *Id.* (citation omitted). The policy stated that "[n]o promotion will be automatic, but if all the above criteria are met, the SAC's personal recommendation will normally be accepted after review by the Position Review Committee." *Id.* (citation omitted).

The DEA issued a Revised Promotion Policy and Procedures memorandum on June 15, 2004. *Id.* at 7. The new policy specified that a Special Agent may be noncompetitively promoted to GS-13, but such promotions "*are neither an entitlement nor automatic.*" *Id.* (citation omitted). Under that policy, promotions would "be approved only after a GS-12 Special Agent has been in grade at least one year and has demonstrated competencies

to perform at the GS-13 level, and must be based on established criteria and demonstrated ability to satisfactorily perform the higher graded duties." *Id.*

Mr. Knox was eventually promoted to GS-13 on April 17, 2016. *Id.* at 9.[2]

In January 2020, Mr. Knox filed the present appeal with the Board. *Id.* at 2. Mr. Knox brought reemployment and discrimination claims under USERRA. *Id.* Through each of these claims, he sought to retroactively correct both his within-grade increase to GS-12 step 3 to February 23, 2003, and his promotion to GS-13 to February 2004. *Id.*

An Administrative Judge granted Mr. Knox's within-grade increase reemployment claim because the DEA admitted that Mr. Knox should have received his within-grade increase to GS-12 step 3 effective February 23, 2003, rather than April 20, 2003. *Id.* at 10–11. But the Administrative Judge denied Mr. Knox's within-grade increase discrimination claim. *Id.* at 11. The Administrative Judge found that there was no apparent link between Mr. Knox's 12 months of military service and his 2-month delay in receiving his within-grade increase. *Id.* Mr. Knox therefore failed to show that it was more likely than not that the delay was based on his military-related absence as opposed to a random administrative error. *Id.* at 11–12. The Administrative Judge also denied Mr. Knox's promotion reemployment and discrimination claims. *Id.* at 12–16.

For the promotion reemployment claim, Mr. Knox argued that he was prejudiced by the delay in his promotion eligibility from February 2004 to April 2004. He contended that this two-month delay caused his promotion application to be considered under the June 2004 policy,

---

[2]    Neither the parties nor the *Decision* explains this 12-year temporal gap.

which materially changed the promotion criteria. *Id.* at 12. Mr. Knox provided evidence that a colleague was promoted in March 2004, so he asserts that his application would have been reviewed favorably under the prior promotion policy if he had submitted his promotion in February 2004. *Id.* The government also admitted that Mr. Knox "should have been evaluated for promotion" under the pre-June 2004 policy if Mr. Knox's GS-13 promotion package had been submitted to the DEA Headquarters in February 2004. J.A. 406.

Mr. Knox provided several types of evidence to prove that he would have received the promotion if he had been considered under the pre-June 2004 policy. First, Mr. Knox filed a declaration stating that he asked Ms. Cassity to submit his promotion package in February 2004, but she advised him to wait until he was eligible in April 2004. *Decision* at 13, 16. Second, Mr. Knox submitted evidence that his April 2004 application was supported by Ms. Cassity and SAC John Bott. *Id.* at 8; J.A. 108. Third, Mr. Knox also provided the below evidence showing that, in recent years, the DEA had approved promotions for GS-12 applicants with a year of step-3 service at rates often exceeding 98%:

| DEA SPECIAL AGENTS | | | | |
|---|---|---|---|---|
| YEAR | Three Year (Journeyman) | | | |
| | Approved | % | Disapproved | % |
| 2003 | 333 | 99% | 3 | 1% |
| 2002 | 278 | 98% | 5 | 2% |
| 2001 | 152 | 99% | 1 | 1% |
| 1999 | 17 | 88% | 2 | 12% |
| 1998 | 83 | 99% | 1 | 1% |
| 1997 | 252 | 99% | 2 | 1% |
| 1996 | 271 | 98% | 6 | 2% |

Appellant's Br. 10.

The Administrative Judge denied the promotion reemployment claim, however, because even if Mr. Knox's application had been reviewed under the pre-June 2004 policy, "all GS-13 promotions were discretionary," and therefore "eligibility for promotion does *not* equate to entitlement for promotion." *Decision* at 12 (emphasis in original). The Administrative Judge thus concluded that "[b]ecause the GS-13 promotion was not automatic, [Mr. Knox] cannot show that it was a right of employment to which he otherwise would have been entitled." *Id.* at 13.

The Administrative Judge denied the promotion discrimination claim for similar reasons as those given for the denial of the within-grade increase discrimination claim: The delayed within-grade increase was a mistake, but "there is no evidence that uniformed service played a role (let alone a substantial or motivating role) in causing that mistake, or in causing any follow-on consequences of that mistake, such as delaying the GS-13 promotion package to April 2004." *Id.* at 16.

Neither party petitioned for full board review of the Administrative Judge's initial decision, and thus it became the Board's final decision. 5 C.F.R. § 1201.113; *see Adams v. Dep't of Homeland Sec.*, 3 F.4th 1375, 1377 (Fed. Cir. 2021). Mr. Knox appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

II.

Our review of Board decisions is statutorily limited. *See* 5 U.S.C. § 7703(c). "We must set aside any findings or conclusions of the Board that we determine to be '(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.'" *Tierney v. Dep't of Just.*, 717 F.3d 1374, 1376–77 (Fed. Cir.

2013) (quoting 5 U.S.C. § 7703(c)).  The Board abuses its discretion if its decision is based on an erroneous conclusion of law.  *Santos v. Nat'l Aeronautics & Space Admin.*, 990 F.3d 1355, 1360 (Fed. Cir. 2021).  Factual findings are reviewed for substantial evidence.  *McGuffin v. Soc. Sec. Admin.*, 942 F.3d 1099, 1107 (Fed. Cir. 2019). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

## A.

Mr. Knox argues that the Board erred in denying his promotion reemployment claim.  According to Mr. Knox, the Board applied the incorrect legal standard because it required Mr. Knox to prove that he was entitled to an "automatic" promotion.  We agree that the Board applied the incorrect legal standard and vacate and remand for further proceedings on Mr. Knox's promotion reemployment claim.

USERRA provides that military service members are entitled to a right to reemployment and other employment benefits after completing their military obligations. 38 U.S.C. § 4312(a); *Hayden v. Dep't of Air Force*, 812 F.3d 1351, 1361 (Fed. Cir. 2016).  Under the applicable regulations, "agencies have an obligation to consider employees absent on military duty for any incident or advantage of employment that they may have been entitled to had they not been absent."  5 C.F.R. § 353.106(c).  The regulation then lists three factors to consider when determining whether an employee absent on military duty is entitled to an advantage of employment:

> (1) Considering whether the "incident or advantage" is one generally granted to all employees in that workplace and whether it was denied solely because of absence for military service;

(2) Considering whether the person absent on military duty was treated the same as if the person had remained at work; and

(3) Considering whether it was reasonably certain that the benefit would have accrued to the employee but for the absence for military service.

*Id.*; *see also Hayden*, 812 F.3d at 1361–62.

Here, the Board applied the incorrect legal standard to Mr. Knox's claim. It concluded that Mr. Knox could not establish that he was entitled to a promotion "[b]ecause the GS-13 promotion was not automatic." *Decision* at 13. But the promotion did not have to be automatic for Mr. Knox to prevail. Rather, the correct question is whether Mr. Knox "may have been entitled to" the promotion. 5 C.F.R. § 353.106(c). That determination is evaluated by considering the regulation's three enumerated factors, including whether the promotion was "generally granted to all employees" and "whether it was reasonably certain that the benefit would have accrued." *Id.; see also Hayden*, 812 F.3d at 1361–62. We thus remand for the Board to reconsider Mr. Knox's promotion reemployment claim under the appropriate legal standard.

In its brief, the government noted that "[i]n order to prevail on his USERRA reemployment claim, Mr. Knox was required to demonstrate that it was reasonably certain that he would have been promoted but for his absence for military service." Appellee's Br. 16 (quoting 5 C.F.R. § 353.106(c)(3)). But then at oral argument, the government contended for the first time that all three factors under 5 C.F.R. § 353.106(c) must be satisfied. *See* Oral Arg. at 16:45–18:21 (available at https://oralarguments.cafc.uscourts.gov/default.aspx?fl=23-1160_10092024.mp3). We leave it to the Board on remand to determine whether it is necessary to decide this issue in order to resolve Mr. Knox's promotion reemployment claim

and, if so, whether all three of the regulation's factors must be met and who bears the burden of proof on those factors.

## B.

Mr. Knox argues that substantial evidence does not support the Board's denial of his discrimination claims. We affirm the Board's decision on this issue.

"A person who is a member of . . . a uniformed service shall not be denied . . . promotion . . . on the basis of that membership . . . ." 38 U.S.C. § 4311(a). An employer violates section 4311(a) "if the person's membership . . . in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership." *Id.* § 4311(c)(1). "An employee making a USERRA claim bears the initial burden of showing by a preponderance of the evidence that the employee's military service was a substantial or motivating factor in the adverse employment action." *Sharpe v. Dep't of Just.*, 916 F.3d 1376, 1379 (Fed. Cir. 2019) (cleaned up). If this burden is met, "the employer then has the opportunity to come forward with evidence to show, by a preponderance of the evidence, that the employer would have taken the adverse action anyway, for a valid reason." *Sheehan v. Dep't of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001).

Substantial evidence supports the Board's finding that Mr. Knox failed to prove that his "uniformed service played a role (let alone a substantial or motivating role) in causing" the delay of the effective date of his within-grade increase "or in causing any follow-on consequences of that mistake, such as delaying the GS-13 promotion package to April 2004." *Decision* at 16. The Board noted that neither party established why Mr. Knox's within-grade increase was delayed. *Id.* at 11. It also found that there was no apparent link between Mr. Knox's twelve months of service and the two-month delay. *Id.* If the within-grade increase delay was because of his military service, then the Board

would have expected the delay to be twelve months as that would be commensurate with his time in service. *Id.*

Mr. Knox counters the Board's finding by pointing to email correspondence that he contends shows his within-grade increase "was delayed because of confusion by agency employees about how to address [Mr.] Knox's creditable service while he was deployed." Appellant's Br. 26; *see also* J.A. 1036. We decline this invitation to reweigh the evidence on appeal. *See Jones v. Dep't of Health & Hum. Servs.*, 834 F.3d 1361, 1369 (Fed. Cir. 2016). But we also note that those emails are between human resources specialists at the DEA. Confusion among human resources personnel plausibly supports the Board's finding that the reason for the delay was administrative. If "two different, inconsistent [findings] may reasonably be drawn from the evidence in record, an agency's decision to favor one [finding] over the other is the epitome of a decision that must be sustained upon review for substantial evidence." *In re Jolley*, 308 F.3d 1317, 1329 (Fed. Cir. 2002).

## III.

Mr. Knox next contends that the Administrative Judge abused his discretion in several rulings related to case-management and discovery. We reject these arguments.

"We review the MSPB's evidentiary rulings for abuse of discretion." *Sharpe*, 916 F.3d at 1379. We "will not overturn the board on such matters unless an abuse of discretion is clear and is harmful." *Curtin v. Off. of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988). "If an abuse of discretion did occur with respect to the discovery and evidentiary rulings, in order for petitioner to prevail on these issues he must prove that the error caused substantial harm or prejudice to his rights which could have affected the outcome of the case." *Id.* at 1379.

Mr. Knox specifically challenges three of the Administrative Judge's decisions. First, the

Administrative Judge denied a motion to compel because Mr. Knox's counsel failed to confer about the dispute either via telephone or in person. J.A. 422–23. The Administrative Judge had previously issued an order requiring that motions to compel "must be accompanied by evidence showing that the party attorneys made efforts to confer about the dispute either via telephone conversation and/or in-person to narrow the areas of disagreement." J.A. 318. That order also required the parties to file motions to compel within five days after the time limit for a response or the date of the service of objections rather than the ten days specified in 5 C.F.R. § 1201.73. Second, the Administrative Judge declined three joint requests to stay the proceedings due to COVID-19. J.A. 456–57; J.A. 467–69; J.A. 492–94. Last, during a conference call, the Administrative Judge discussed the government's laches defense, asked about a particular document, and inquired about Mr. Knox's current employer. *See* J.A. 1234–43.

For the motion to compel, we need not determine whether the Administrative Judge abused his discretion because Mr. Knox failed to show how he was prejudiced. For example, Mr. Knox does not point to what evidence may have been helpful to his case or why he could not get that information through other discovery.

As to declining to stay the case and the Administrative Judge's commentary during the conference call, Mr. Knox has provided neither legal authority nor a persuasive reason explaining why the Administrative Judge was required to stay the case or could not ask questions that he deemed pertinent during the conference call. We therefore decline to conclude that the Administrative Judge abused his discretion.

## IV.

Two other issues warrant discussion. First, Mr. Knox contends that the Board abused its discretion in ruling on

the government's laches defense.  Second, he asks us to remand the case to a different Administrative Judge.  We need not address the merits of either of these arguments.

The Board rejected the government's laches argument except for alternatively determining that laches would apply to Mr. Knox's promotion discrimination claim.  *See Decision* at 16 n.2.  Because we affirm the denial of the promotion discrimination claim irrespective of whether laches applies, we need not address the laches issue.

Mr. Knox's argument for reassigning the case to a different Administrative Judge on remand is limited to one sentence, which is not even found in the argument section of his brief:  "Should the Federal Circuit deem this matter suitable for remand, [Mr.] Knox requests remand to a different [Administrative Judge], as the [Administrative Judge's] actions in this case demonstrated [Mr.] Knox will not receive a fair hearing on remand."  Appellant's Br. 7.  Mr. Knox forfeited this argument by failing to present anything more than an underdeveloped, skeletal argument.  *See In re Killian*, 45 F.4th 1373, 1385–86 (Fed. Cir. 2022) (citing *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 (Fed. Cir. 2006)).  We also see nothing in the record to indicate that reassignment would be appropriate or necessary in this case.

## V.

We have considered Mr. Knox's remaining arguments and find them unpersuasive.  For the foregoing reasons, we affirm in part, vacate in part, and remand.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**

COSTS

No costs.